**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA MORALES, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN TRUSS, *ET AL*., <br><br> Defendants. | Case No.  15-cv-01241-BAS(BLM) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND AN ORDER FOR A MORE DEFINITE STATEMENT** <br><br> (ECF No. 4) |

Plaintiff Joshua Morales ("Plaintiff") commenced this 42 U.S.C. § 1983 action in state court on April 21, 2015, alleging defendants San Diego Police Officer Stephen Truss, San Diego Police Officer Trevor Philips, and San Diego Police Detective Roxie Vigil violated his Fourth Amendment rights. Defendants Philips and Vigil (collectively "Defendants") removed this action to federal court on June 3, 2015. (ECF No. 1.)  On June 15, 2015, Defendants moved to dismiss Plaintiff's claims for unlawful detention and false arrest under Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement regarding Plaintiff's excessive force allegation. (ECF No. 4.)  Plaintiff did not file an opposition.  The failure to file an

opposition may constitute a consent to the granting of the motion. *See* Civ. L.R. 7.1(f)(3)(c).

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for a more definite statement (ECF No. 4).

I.   BACKGROUND

On April 21, 2013, Plaintiff alleges he was involved in a physical altercation at the Hotel Del Mar in Del Mar, California. (ECF No. 1-2 ("Compl.") at 7.) During the physical altercation, he threw a punch at an individual "forcing him to be rendered unconscious." (*Id.*) Security called the police and placed Plaintiff in handcuffs "as a precautionary measure." (*Id.*) Once police officers arrived, they asked Plaintiff "to wait in the back seat of the police vehicle before removing the handcuffs." (*Id.*) After the officers had a conversation with security personnel, they advised Plaintiff that he was under arrest for assault with a deadly weapon. (*Id.*) One of the police officers later asked Plaintiff to get out of the vehicle, took his phone, and placed him in handcuffs. (*Id.*) Plaintiff remained in the police vehicle for approximately two and a half hours, although he was removed from the car and instructed to stand in front of the vehicle on multiple occasions. (*Id.* at 7-8.)

Plaintiff was subsequently transported to a police substation in Del Mar and placed in a cell with his hands still behind his back in handcuffs. (*Id.* at 8.) After approximately five hours in the cell, a police detective escorted Plaintiff to a room and advised him that she was going to read him his *Miranda* rights. (*Id.*) Plaintiff declined to talk to the detective without a lawyer present and was returned to his cell. (*Id.*) Thereafter, a police officer requested his shirt, and later his shoes, for evidence. (*Id.*) Eventually, Plaintiff was transported to a jail downtown and booked for assault with a deadly weapon. (*Id.*)

Plaintiff claims he was "at a minimum, detained without reasonable suspicion,

and at worst arrested without any probable cause or any good faith/reasonably objective basis for believing [Plaintiff] was subject to arrest." (*Id*. at 8.) Plaintiff also claims he was "subjected to excessive and unreasonable force in attempting to effectuate his detention and arrest." (*Id*.)

Defendants now move to dismiss Plaintiff's claims for unreasonable detention and false arrest under Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement of Plaintiff's excessive force claim under Federal Rule of Civil Procedure 12(e).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)).  A court need not accept "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.  Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### B. Federal Rule of Civil Procedure 12(e)

A party may move for a more definite statement of a complaint under Federal Rule of Civil Procedure 12(e) where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A motion for a more definite statement attacks intelligibility, not simply lack of detail."  *Gregory Vill. Partners v. Chevron, U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011).  "For this reason, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted."  *Id.*

Rule 12(e) motions are "viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."  *Id.*  "Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted."  *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994); *see also Lunger v. Witt*, No. 15-cv-486, 2015 WL 4460813, at *3 (E.D. Cal. July 21, 2015) ("If the facts sought by a motion for a more definite statement are obtainable by discovery, the motion should be denied.").

### III. DISCUSSION

Defendants move to dismiss Plaintiff's causes of action for unreasonable detention and false arrest on the basis they are time-barred.  (ECF No. 4-1 at pp. 3-4.)  They further move for a more definite statement of Plaintiff's cause of action for excessive force because they claim the allegation is "vague and ambiguous."  (*Id.* at p. 4.)

### A. Statute of Limitations

The Fourth Amendment prohibits "'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *Terry v. Ohio*, 392 U.S. 1, 9 (1968)); *see also Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009). A detention by an officer that is not "supported by reasonable suspicion to believe that criminal activity may be afoot" violates the Fourth Amendment and gives rise to a claim under 42 U.S.C. § 1983. *Id.* (citation and internal quotations omitted); *see also Ramirez*, 560 F.3d at 1020. An arrest without probable cause also violates the Fourth Amendment and gives rise to a claim for damages under section 1983. *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988).

A statute of limitations defense may be raised on a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). "It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California, that limitations period is two years. *See* Cal. Civ. Proc. Code § 335.1; *see also Action Apartment*, 509 F.3d at 1026; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Although California law determines the limitations period, "federal law governs when a cause of action accrues and the statute of limitations begins to run in a § 1983 action." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "[g]enerally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *Action Apartment*, 509 F.3d at 1026-27. The accrual date is therefore typically the date that the wrongful act occurred. *See Pierson v. Storey Cnty.*, No. 12-cv-00598-MMD-VPC, 2013 WL 6210336, at *4 (D. Nev. Nov. 27, 2013). For Plaintiff's false arrest

claim, the statute of limitations began to run when he became detained pursuant to legal process, *i.e.*, the date he was arraigned or bound over for trial. *Wallace*, 549 U.S. at 388-92, 97.

Here, Plaintiff alleges he was detained and arrested on April 21, 2013 and he commenced this action on April 21, 2015. Although Plaintiff does not allege when he was arraigned, it undoubtedly occurred after his arrest on April 21, 2013. Accordingly, Defendants have failed to establish that Plaintiff's claims for unreasonable detention and unlawful arrest under 42 U.S.C. § 1983 are time-barred. For the foregoing reasons, Defendants' motion to dismiss these claims under Rule 12(b)(6) is **DENIED**.

### B.    Rule 12(e)

Defendants move for a more definite statement of Plaintiff's excessive force claim on the basis that "Plaintiff alleged numerous violations of his rights without any specification between specific allegations and individual defendants." (ECF No. 4-1 at p. 4.) A Rule 12(e) motion is "proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Craigslist, Inc. v. Autoposterpro, Inc.*, No. CV 08 05069 SBA, 2009 WL 890896, at *4 (N.D. Cal. Mar. 31, 2009). The Court does not find the complaint to be unintelligible or so vague that Defendants cannot begin to frame a response. To the extent Defendants wish to flesh out Plaintiff's excessive force claim, such facts are obtainable through discovery. *See Sagan*, 874 F. Supp. at 1077; *Lunger*, 2015 WL 4460813, at *3. Accordingly, Defendants' motion for a more definite statement of Plaintiff's excessive force claim is **DENIED**.

///
///
///
///

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for a more definite statement (ECF No. 4).

**IT IS SO ORDERED.**

DATED: September 14, 2015

Hon. Cynthia Bashant
United States District Judge